**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0657-16T3

KEITH P. SEQUEIRA,

    Plaintiff-Appellant,

v.

PRUDENTIAL EQUITY GROUP, LLC;
PRUDENTIAL REAL ESTATE
AFFILIATES, INC.; RICHARD
HORTON III, WACHOVIA SECURITIES,
LLC; WILLIAM H. GOECKELER;
LAURA HAK; THOMAS F. DALY, BRIAN
BEGLEY; KENNETH PARDUE; ROBERT
E. MORRISSEY, JR.; ANTHONY
MCQUEEN; BRAND MEYER; DAVID J.
KOWACH; DANIEL LUDEMAN; DAVID
MONDAY; JAMES E. HAYS; E.
KENNEDY THOMPSON; DAVID CARROLL;
MICHAEL J. CARROLL; MARGE
CONNOLLY; TERESA RODDY; JOHN
PUZIO; and PRUDENTIAL FINANCIAL, INC.

    Defendants-Respondents.

_____

Argued telephonically June 8, 2018 —
Decided June 21, 2018

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No. L-
0179-08.

Keith P. Sequeira, appellant, argued the cause pro se.

Kimberly Lunetta argued the cause for respondents Prudential Equity Group, LLC; Prudential Real Estate Affiliates, Inc; and Prudential Financial Inc. (Morgan, Lewis & Bockius, LLP, attorneys; Michelle S. Silverman and Nitin Sharma, on the brief).

Rosemary S. Gousman argued the cause for Wachovia Securities, LLC, and all Wachovia individuals in their capacity as employee supervisors (Fisher & Phillips, LLP, attorneys; Rosemary S. Gousman, on the brief).

PER CURIAM

Plaintiff Keith Sequeira appeals from a September 2, 2016 order, denying his motion to reopen previous trial court orders entered in his Law Against Discrimination (LAD) litigation. We affirm.

This appeal is the latest in a series of lawsuits and appeals filed by plaintiff against his former employers. In 2014, we affirmed the summary judgment dismissal of plaintiff's 2008 LAD complaint concerning events that occurred while he was employed by Prudential Securities, Inc. and Wachovia Securities LLC. Sequeira v. Prudential Equity Grp. LLC, No. A-0734-10 (App. Div. Oct. 9, 2014), certif. denied, 222 N.J. 17 (2015) (Sequeira I). In 2012, plaintiff filed another complaint (Sequeira II), raising many of the same issues raised in Sequeira I. The trial court dismissed that litigation, including plaintiff's claims of

fraudulent concealment of evidence. We affirmed the trial court's orders.[1] <u>Sequeira v. Wells Fargo & Co.</u>, No. A-3239-13 (App. Div. Feb. 24, 2016).

On April 15, 2016, plaintiff filed a motion in the trial court, seeking to vacate all of the prior trial court orders and reinstate his 2008 and 2012 complaints. Plaintiff styled the motion as one under <u>Rule</u> 4:50-1(c), claiming that defendants obtained all of the prior judgments by "false swearing." Judge Joseph P. Quinn granted summary judgment denying the motion, for reasons stated in a detailed written opinion.

On this appeal, plaintiff contends that Judge Quinn's decision was "an abuse of discretion"; defendants committed "legal fraud" and "lied" in their previous summary judgment submissions; and the trial court's previous factual findings and legal conclusions "were belied by the record." We affirm for the reasons stated in Judge Quinn's opinion.

We add only these comments. As Judge Quinn recognized, this appeal is an attempt to reargue the merits of the previous summary judgment motions as well as the previous appeals. Further, plaintiff's <u>Rule</u> 4:50-1(c) motion was filed years beyond the one-year time limit set forth in <u>Rule</u> 4:50-2. Plaintiff's appellate

---

[1] We vacated a counsel fee award against plaintiff. However, that aspect of our opinion is not relevant here.

A-0657-16T3

arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0657-16T3